IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GERALDINE MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A. d/b/a CAPITAL ONE AUTO FINANCE and AUTO GIANTS NISSAN,<br><br>Defendants. | Civil Action No. 1:25-cv-1919 |

## COMPLAINT

1. Plaintiff Geraldine Martin alleges as follows for her Complaint against Defendants Capital One, N.A. d/b/a Capital One Auto Finance ("Capital One") and Auto Giants Nissan (together, "Defendants").

## PRELIMINARY STATEMENT

2. This case concerns Auto Giants Nissan's unilateral decision to unwind a vehicle sale months after it happened, and Capital One's involvement in—or, at a minimum, its acquiescence to—that unlawful scheme.

3. In October 2024, Plaintiff purchased a sedan from Auto Giants Nissan. That purchase was financed by Capital One.

4. But in December 2024, after Plaintiff had made multiple payments on the loan, Auto Giants Nissan lured her back to the dealership under false pretenses and took the vehicle back without Plaintiff's agreement.

5. Capital One then canceled the loan with no input from Plaintiff and failed to provide Plaintiff with an adverse action letter, in violation of the Equal Credit Opportunity Act ("ECOA"),

15 U.S.C. § 1691(d). As a result of Capital One's ECOA violation, Plaintiff is entitled to her actual damages, punitive damages up to $10,000, and her attorneys' fees and costs.

6. At the time Auto Giants took the vehicle back, Auto Giants and Capital One also pulled Plaintiff's credit without her permission in connection with a fake loan application. Indeed, Auto Giants obtained Plaintiff's credit report no less than fifteen times, including fourteen times through various third party lenders without her authorization or permission.

7. That conduct violated the Fair Credit Reporting Act's ("FCRA") requirement that a credit report be obtained "for a purpose for which the consumer report is authorized to be furnished under" the law. 15 U.S.C. § 1681b(f)(1). As a result of that conduct, Plaintiff is entitled to her actual damages, statutory damages, punitive damages, attorneys' fees, and costs.

8. Plaintiff also sues Auto Giants Nissan—and through the FTC's Holder Rule, Capital One—for violations of the Virginia Consumer Protection Act ("VCPA") relating to misrepresentations and conversion relating to the unlawful taking of the vehicle.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

11. Plaintiff is a natural person and a "person" as defined by the ECOA, 15 U.S.C. § 1691a(f). She is also a "consumer" as defined by (i) the FCRA, 15 U.S.C. § 1681a(c); (ii) the Federal Trade Commission's "Holder Rule" at 16 C.F.R. § 433.1(b); and (iii) the VCPA, Va. Code. § 59.1-196 *et seq*.

12. Capital One is a national bank headquartered in McLean, Virginia. Capital One is a "creditor" as defined by the ECOA, 15 U.S.C. § 1691a(e). Capital One is also a "creditor" as that

term is defined in the FTC's Holder Rule at 16 C.F.R. § 433.1(c).

13. Auto Giants Nissan is a "supplier" as that term is defined in the VCPA. *See* Va. Code §§ 59.1-198 (defining "supplier" as "a seller, lessor, licensor, or professional who advertises, solicits, or engages in consumer transactions, or a manufacturer, distributor, or licensor who advertises and sells, leases, or licenses goods or services to be resold, leased, or sublicensed by other persons in consumer transactions").

## FACTS

14. On October 2, 2024, Plaintiff purchased a 2020 Hyundai Sonata, VIN 5NPEF4JA2LH031793 (the "Vehicle") from Auto Giants Nissan in Woodbridge, Virginia.

15. Plaintiff made a $1,200 downpayment in cash. The rest of the purchase was financed through Capital One, N.A., in the amount of $21,929.24.

16. On or about October 9, 2024, Plaintiff received a "Welcome to Capital One Auto" letter identifying the Vehicle and stating that Plaintiff's first payment was due by November 16, 2024.



17. Plaintiff made that payment and one other.

18. But then, on or about December 26, 2024, Auto Giants Nissan called Plaintiff in for a purported service issued related to the Vehicle.

19. Plaintiff was concerned about the safety of her vehicle, so she brought the vehicle to Auto Giants Nissan to address the issue.

20. But unbeknownst to Plaintiff, there was no service issue.

21. Instead, while Plaintiff was at Auto Giants Nissan, the dealer asked her to return the Vehicle and accept a replacement under the same loan terms.

22. Plaintiff was confused because she had already made payments on the Vehicle, and she was satisfied with the purchase.

23. Auto Giants Nissan offered no reason, explanation, or basis for wanting the vehicle back.

24. At that time, Auto Giants Nissan asked Plaintiff to sign a Rescission Agreement, but Plaintiff declined because she intended to retain that Vehicle that she had purchased and on which she had made payments.

25. After Auto Giants Nissan refused to release the Vehicle to Plaintiff, she called the police.

26. The police agreed that the Vehicle (and the personal items therein) belonged to Plaintiff. The police, however, did not take action because it was a civil matter.

27. The officer who appeared at Auto Giants Nissan was Officer Leroy Myrie of the Prince William County Police Department. The case number is PD240047132.

28. With the help of her father, Plaintiff called a tow truck to take the Vehicle off the lot.

29. Auto Giants Nissan, however, had already removed the Vehicle from plain sight.

30. Plaintiff and her father then left Auto Giants Nissan without the Vehicle because they had no other recourse.

31. Plaintiff then continued to receive statements and payment requests from Capital One.

32. Around that time, Plaintiff strangely received a credit denial letter from Capital One dated January 3, 2025, stating that Auto Giants Nissan sent Capital One an application for auto financing on December 26, 2024 that was denied.

33. That letter confused Plaintiff because she already had a loan with Capital One, and it was from October 2024.

34. Plaintiff did not apply for a loan through Auto Giants Nissan on December 26, 2024.

35. That, of course, was the date that Auto Giants Nissan took the Vehicle.

36. Upon information and belief, Auto Giants Nissan created a fake application to make it appear that Plaintiff was not approved for financing, when she already had a still-existing loan.

37. As part of that fake application, Auto Giants and Capital One accessed Plaintiff's credit reports without her permission and without a permissible purpose.

38. Auto Giants Nissan also ran Plaintiff's credit reports through other third parties, including Ally Financial, Nissan Motor Acceptance, Santander Consumer USA, Consumer Portfolio Services, Exeter Finance, JP Morgan Chase, Global Lending Services, Foresight Capital, Prestige Financial, GM Financial, Regional Acceptance, and AmeriCredit.

39. Capital One then sent Plaintiff delinquency notices, threatening repossession even though Plaintiff did not physically possess the Vehicle.

40. Auto Giants Nissan and Capital One then unilaterally unwound the already-existing loan without any input from Plaintiff, based on reasons that were never communicated to Plaintiff.

41. Most notably, Plaintiff never received an adverse action letter as required by the ECOA, 15 U.S.C. § 1691(d).

42. Instead, Capital One merely sent Plaintiff a check, which, upon information and belief, was intended to reimburse Plaintiff for the payments that she had made on the Vehicle to Capital One.

43. Capital One did not reimburse Plaintiff for the downpayment, and neither did Auto Giants.

44. In any event, Plaintiff has not cashed the check from Capital One.

45. Due to Defendants' scheme, Plaintiff no longer has the Vehicle, her downpayment was never returned to her, her personal belongings were never returned to her, her credit score decreased due to additional unauthorized inquires, her privacy was violated, and she has been forced to spend thousands of dollars on alternative transportation.

46. Additionally, Plaintiff has suffered severe humiliation and emotional distress by the repossession of the Vehicle. Plaintiff specifically fears that everyone thinks the Vehicle was repossessed due to nonpayment.

## COUNT ONE:
## VIOLATION OF THE ECOA, 15 U.S.C. § 1691(d)
## (CAPITAL ONE)

47. Plaintiff incorporates each of the preceding allegations.

48. Capital One violated 15 U.S.C. § 1691(d) because it failed to notify Plaintiff with a statement of reasons for its decision to rescind her loan.

49. As a consequence, Plaintiff was unable to discern the reasons (if any) as to why she was no longer in possession of the Vehicle or subject to the loan that financed her purchase.

50. Plaintiff suffered actual damages because of Capital One's violations of 15 U.S.C. § 1691(d), including but not limited to, Plaintiff's loss of use of the vehicle, economic consequences stemming from the same, and emotional distress caused by Capital One's failure to explain its decision, which would have assisted Plaintiff in reclaiming the Vehicle.

51. Based on Capital One's noncompliance with 15 U.S.C. § 1691(d), Plaintiff seeks actual damages, punitive damages, reasonable attorneys' fees, and costs under 15 U.S.C. § 1691e.

**COUNT TWO:**
**VIOLATION OF THE FCRA, 15 U.S.C. § 1681b(f)**
**(CAPITAL ONE & AUTO GIANTS NISSAN)**

52. Plaintiff incorporates the preceding allegations.

53. Defendants violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using Plaintiff's consumer reports without a permissible purpose to do so. Specifically, Defendants impermissibly obtained a copy of Plaintiff's credit reports on December 26, 2024.

54. Auto Giants Nissan also provided access to Plaintiffs' credit reports to approximately fourteen other third parties without her knowledge or permission.

55. As a result of Defendants' conduct, Plaintiff suffered actual damages including, without limitation, credit damage, violation of privacy, and other emotional and mental distress.

56. Defendants' conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

57. Plaintiff is also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE:**
**VIOLATION OF THE VCPA, Va. Code § 59.200(1), (5), (6), and (14)**
**(AUTO GIANTS NISSAN & CAPITAL ONE UNDER 16 C.F.R. § 433.2)**

58. Plaintiff incorporates the preceding allegations.

59. Auto Giants Nissan sold the Vehicle to Plaintiff, representing that, in exchange for a downpayment and a promise to pay the remaining balance, Plaintiff would receive the Vehicle.

60. Reasonably relying on those representations, Plaintiff made a $1,200 downpayment and entered into a loan agreement with Auto Giants Nissan that was assigned to Capital One.

61. Auto Giants Nissan also falsely lured Plaintiff back to the dealership under the concern of a "safety issue."

62. Plaintiff relied on this statement and brought the vehicle to the dealership. However, the statement was false.

63. Auto Giants Nissan later rescinded the sale and took the vehicle without Plaintiff's consent.

64. Plaintiff, therefore, no longer has possession of the Vehicle.

65. Through its conduct, Auto Giants Nissan violated Virginia Code §§ 59.200(1), (5), (6), and (14).

66. Capital One is liable for Auto Giants Nissan's violations under the Holder Rule, 16 C.F.R. § 433.2.

67. Plaintiff is entitled to recover her actual damages, treble damages, statutory damages, and her attorneys' fees and costs.

**COUNT FOUR:**
**CONVERSION**
**(AUTO GIANTS NISSAN & CAPITAL ONE UNDER 16 C.F.R. § 433.2)**

68. Plaintiff incorporates the preceding allegations.

69. Plaintiff purchased the Vehicle from Auto Giants Nissan.

70. Auto Giants Nissan, however, later rescinded that sale absent agreement from Plaintiff.

71. Plaintiff, therefore, was deprived of possession of the Vehicle—and her belongings in the Vehicle—even though she owned the Vehicle.

72. Plaintiff was damaged by Auto Giants Nissan's conduct.

73. Through its conduct, Auto Giants Nissan is liable for conversion.

74. Capital One is liable for Auto Giants Nissan's conversion under the Holder Rule, 16 C.F.R. § 433.2.

75. Plaintiff is entitled to recover her actual damages and punitive damages.

WHEREFORE, Plaintiff demands judgment for actual, treble, and punitive damages against Capital One and Auto Giants Nissan; her attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court considers proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**PLAINTIFF**

By: ___/s/ Kristi C. Kelly___
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
Matthew G. Rosendahl, VSB # 93738
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com
Email: matt@kellyguzzo.com
*Counsel for Plaintiff*